UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

BOUTUIVI AHLIN SANVEE,

Plaintiff,

v.

HENNEPIN COUNTY HUMAN SERVICES, NORTH MEMORIAL HOSPITAL, ANOKA COUNTY HUMAN SERVICES, HENNEPIN COUNTY, DAKOTA COUNTY HUMAN RESOURCES, and RAMSEY COUNTY HUMAN SERVICES,

Defendants.

Civil No. 12-1702 (RHK/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue six Defendants – (1) Hennepin County Human Services, (2) North Memorial Hospital, (3) Anoka County Human Services, (4) Hennepin County, (5) Dakota County Human Resources, and (6) Ramsey County Human Services. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "7. The Hennepin County Human Services and Human Resources are preventing the Plaintiff to find jobs since 2008 until these days
>
> 8. The Hennepin Human Services refused to grant the Plaintiff Public

assistance (medical, food, cash and rental assistance)

9. The Hennepin County Human Services cost the Plaintiff homelessness.

10. The Plaintiff is suing the county of Hennepin for the Public Integrity and the waste of his fiscal base in onerious [sic] Judicial pursuits."

(Complaint, p. 4, ¶s 7-10.)

Based on these few vague allegations, Plaintiff is seeking legal redress described as follows:

"-Strick [sic] application of the law to prosecute the county of Hennepin
-Implementation of measures of reforms
- A monetary Relief of Twelve millions of dollars for the Plaintiff who suffered and still suffering emotional distress Severe hypertension and Stroke."

(Id., p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry,

364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief, because it does not allege a set of specific historical facts that would, if proven true, entitle Plaintiff to any judgment against any of the named Defendants under any conceivable legal theory. The complaint does not describe anything that any Defendant did (or failed to do) that could be viewed as a violation of Plaintiff's rights under any statutory or common law precept.

Plaintiff asserts that federal subject matter jurisdiction exists because his claims against Defendants are based on federal law – specifically, "Title VII of the Civil Rights Reform" and "XIV and IV Amendments to the U.S. Constitution." (Complaint, p. 3, §§ 3, 4.) However, the allegations in Plaintiff's complaint do not support any such claims. "Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin." Ricci v. DeStefano, 557 U.S. 557, 577 (2009). Here, there are no allegations showing that Plaintiff ever had any type of employment relationship with any of the Defendants, or that any of the Defendants engaged in any form of unlawful discrimination against Plaintiff. Furthermore, Plaintiff cannot bring a Title VII claim in federal court without first exhausting his administrative remedies, (Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994); Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)), and it does not appear that he has satisfied this requirement.

Plaintiff's citations to the federal Constitution are likewise unavailing, because his complaint does not describe any specific misconduct by any of the named Defendants that could be viewed as a violation of Plaintiff's federal constitutional rights. Indeed, most of the named Defendants are not even mentioned in any of the substantive allegations of

Plaintiff's complaint.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Plaintiff has presented only vague and conclusory allegations; he has not described any specific acts or omissions by any of the named Defendants that could entitle him to legal redress under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court recommends that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 10, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 24, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this

rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.